UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- x
BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
NEW YORK CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE, and
JEREMIAH SULLIVAN, JR., in his fiduciary
capacity as Administrator and Chairman of
Trustees, BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFT WORKERS, and
BRICKLAYERS LABOR MANAGEMENT
COMMITTEE,

WEINSTEIN, J.

BULSARA, M.J.

COMPLAINT

Plaintiffs,

- against -

CONCRETE INDUSTRIES ONE CORP. and
MARK FURER,

Defendants.
---------------------------------------- x

Plaintiffs, by their attorneys, Doar Rieck DeVita Kaley & Mack, complaining of the Defendants, Concrete Industries One Corp. ("Concrete") and Mark Furer ("Furer"), allege as follows:

## JURISDICTION AND VENUE

1. This is an action against Concrete and Furer to enforce the provisions of Sections 515, 404 and 409 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1145, 1104 and 1109, for Concrete's failure to make employee benefit fund contributions, and for Furer's breaches of fiduciary duty, respectively. Subject matter jurisdiction is conferred pursuant to ERISA Sections 502(a)(2) and (3), and (g), 29 U.S.C. §§ 1132(a)(2) and (3), and (g).

2. As to Bricklayers Local 1, International Union of Bricklayers & Allied Craft Workers ("Local 1"), subject matter jurisdiction is conferred under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3. As to the state court action for conversion, supplemental jurisdiction is conferred under 28 U.S.C. § 1367.

4. Supplemental jurisdiction is proper in this instance because Furer simultaneously embezzled benefit fund assets in violation of ERISA and employee dues monies in violation of state law from the same bricklayers on whose behalf Concrete failed to make contributions and remit dues. Accordingly, the state court actions arise from a common nucleus of operative fact as the Plaintiffs' federal claims, and are properly before this Court.

5. The funds are administered in the Eastern District of New York. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

6. Plaintiffs, Bricklayers Insurance and Welfare Fund ("Welfare Fund") (of which the Vacation Fund is a part), Bricklayers Pension Fund ("Pension Fund"), Bricklayers Supplemental Annuity Fund ("Annuity Fund"), Bricklayers and Trowel Trades International Pension Fund ("IPF"), New York City and Long Island Joint Apprenticeship and Training Fund ("JATC"), and the International Masonry Institute ("IMI"), are each an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. Jeremiah Sullivan ("Sullivan") is the Chairman of Trustees, unpaid Administrator, and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), of the Pension, Annuity and Welfare Funds and the JATC ("Local 1 Funds"). He is also a trustee of the IMI. The trustees of the Local 1 Funds have authorized Sullivan to bring this action on their behalf, as have the trustees of the IMI and IPF. As president of Local 1, Sullivan is also authorized to sue to collect wage assignments that have not been remitted by

106516                                    2

employers to Local 1 and its parent, the International Union of Bricklayers & Allied Craft Workers ("I.U."). Sullivan is also a participant in and beneficiary of the Pension, Annuity and Welfare Funds, JATC, IPF, and IMI (collectively referred to as the "Funds").

8. Local 1 is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

9. The Labor Management Committee ("LMC") is established and maintained under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

10. Concrete is, and at all times hereinafter mentioned was, an employer maintaining offices and conducting business in the State of New York.

11. Upon information and belief, Furer is the owner and president of Concrete.

## BACKGROUND

12. Concrete is party to a collective bargaining agreement with Local 1 covering bricklayers ("CBA"). Under the CBA, Concrete agreed to make contributions at specified rates per hour worked to pay for the cost of: (1) pension benefits provided by the Pension Fund, Annuity Fund and IPF; (2) medical benefits provided by the Welfare Fund; and (3) training provided by the JATC and IMI.

13. Concrete is further obligated under the CBA to transmit after-tax deductions from employee wages to the Vacation Fund, which is a component of the Welfare Fund and covered by ERISA, at a specified rate per hour.

14. The CBA also requires Concrete to transmit after-tax hourly deductions from employee wages to the Funds for dues owed to Local 1 and the I.U.

## UNPAID CONTRIBUTIONS UNDER
## ERISA SECTIONS 1145 & 1132 and LMRA SECTION 301 – CONCRETE

15. Plaintiffs Sullivan, Local 1 and the Funds re-allege paragraphs 1 through 14 as if fully set forth herein.

16. Concrete owes the Funds $42,398.40 in unpaid contributions for hours worked by Local 1 bricklayers in January 2015 through June 2015.

17. Under the CBA and the applicable plan documents for the Funds, liquidated damages of 20% are owed on the unpaid contributions described above in paragraph 16, plus interest at the rate of 10% per annum, and attorneys' fees under the statute.

### UNREMITTED DUES CHECKOFFS AND UNPAID CONTRIBUTIONS UNDER LMRA SECTION 301 – CONCRETE

18. Plaintiffs Local 1 and the LMC re-allege paragraphs 1 through 17 as if fully set forth herein.

19. Concrete owes Local 1 and the LMC $5,174.40 in unremitted dues checkoffs and unpaid contributions for hours worked by Local 1 bricklayers in January 2015 through June 2015.

20. Interest of 10% per annum is due from Concrete under the CBA on the amount described above in paragraph 19.

### FIDUCIARY BREACHES UNDER ERISA SECTION 409 – FURER

A. The Welfare Fund's Vacation Fund Component

21. Plaintiffs Sullivan and the Welfare Fund re-allege paragraphs 1 through 20 as if fully set forth herein.

22. The Welfare Fund includes a Vacation Fund component that provides vacation benefits to bricklayer participants. The participants pay for the Vacation Fund benefits by having after-tax monies deducted directly from their wages by their employer. The employers are obligated to remit the Vacation Fund deductions to the Welfare Fund on a weekly basis.

23. Furer directed that $6,600.00 in Vacation Fund deductions be taken from the wages of Local 1 members for hours worked by Local 1 bricklayers in January 2015 through June 2015.

24. Employee contributions to the Vacation Fund component of the Welfare Fund are "plan assets" of an ERISA employee welfare fund under 29 C. F. R. § 2510.3-102(a). However, Furer failed to segregate the Vacation Fund deductions and remit them to the Welfare Fund. Instead, upon information and belief, Furer commingled them with Concrete's general

assets and used these Vacation Fund assets to pay corporate expenses and creditors. By exercising control over the disposition of the wage deductions that constituted employee contributions to the Vacation Fund, Furer acted as a fiduciary of the Welfare Fund assets within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

25. By misappropriating the Vacation Fund deductions for use by Concrete, Furer committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for the $6,600.00 in Vacation Fund deductions taken from the wages of Local 1 members during the relevant time period herein and for any losses resulting from these breaches.

B. The International Pension Fund

26. Plaintiffs Sullivan and the IPF re-allege paragraphs 1 through 25 as if fully set forth herein.

27. Section 4.1 (a) of the Agreement and Declaration of Trust of the IPF provides that "Title to all monies paid into and/or due and owing the Trust Fund shall be vested in and remain exclusively in the Trustees of the Fund."

28. Furer manages the day-to-day activities and payrolls of Concrete and determines if and when to make contributions to the IPF on behalf of Concrete bricklayers and is therefore a fiduciary of the IPF within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

29. Furer failed to make $2,666.40 in contributions to the IPF for hours worked by Local 1 bricklayers in January 2015 through June 2015.

30. By paying creditors and other corporate expenses of Concrete prior to making due and owing contributions to the IPF, Furer exercised control over the disposition of the IPF assets and so committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for $2,666.40 in IPF contributions and for any losses resulting from these breaches.

### C. The Pension Fund

31. Plaintiffs Sullivan and the Pension Fund re-allege paragraphs 1 through 30 as if fully set forth herein.

32. Section 4.1 of the Pension and Annuity Plan of the Pension Fund provides that "Title to all monies paid into and/or owing the Fund shall be vested in and remain exclusively in the Trust of the Fund."

33. Furer manages the day-to-day activities and payrolls of Concrete and determines if and when to make contributions to the Pension Fund on behalf of Concrete bricklayers and so is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

34. Furer owes $9,768.00 in contributions to the Pension Fund for hours worked by Local 1 bricklayers in January 2015 through June 2015.

35. By paying creditors and other corporate expenses of Concrete prior to making due and owing contributions to the Pension Fund, Furer exercised control over the disposition of the Pension Fund assets and so committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for $9,768.00 in Pension Fund contributions and for any losses resulting from these breaches.

### D. The Annuity Fund

36. Plaintiffs Sullivan and the Annuity Fund re-allege paragraphs 1 through 35 as if fully set forth herein.

37. Section 4.1 of the Supplemental Annuity Plan of the Annuity Fund provides that "Title to all monies paid into and/or owing the Fund shall be vested in and remain exclusively in the Trust of the Fund."

38. Furer manages the day-to-day activities and payrolls of Concrete and determines if and when to make contributions to the Annuity Fund on behalf of Concrete

bricklayers and so is a fiduciary of the Annuity Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

39. Furer owes $8,910.00 in contributions to the Annuity Fund for hours worked by Local 1 bricklayers in January 2015 through June 2015.

40. By paying creditors and other corporate expenses of Concrete prior to making due and owing contributions to the Annuity Fund, Furer exercised control over the disposition of the Annuity Fund assets and so committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for $8,910.00 in Annuity Fund contributions and for any losses resulting from these breaches.

## STATE LAW CONVERSION – FURER

41. Plaintiff Local 1 re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. Furer directed that $4,910.40 in dues deductions be taken from the paychecks of Local 1 members for hours worked by Local 1 bricklayers in January 2015 through June 2015. The dues deductions taken from the paychecks of Local 1 members were the property of said bricklayers and should have been segregated from the assets of defendants. Furer, however, failed to segregate the dues deductions and remit them to Local 1. Instead, upon information and belief, Furer commingled them with Concrete's general assets and used these Local 1 assets to pay corporate expenses and creditors.

43. As a result, Furer unlawfully converted these monies and is therefore personally liable to make Local 1 whole for the $4,910.40 in unremitted dues checkoffs.

## INJUNCTIVE RELIEF UNDER ERISA SECTION 1132 – CONCRETE

44. Plaintiffs Sullivan, Local 1, the LMC and the Funds re-allege paragraphs 1 through 43 as if fully set forth herein.

45. Pursuant to the terms and conditions of the CBA and the plan documents of the Funds, Concrete is required, inter alia, to file certain employer contribution reports with Plaintiff Funds. It is further required to permit and cooperate with Plaintiff Funds in the conduct
106516    7

of audits of Defendants' books and records including, but not limited to, payroll, payroll ledgers, computer payroll printouts, W-2 forms, quarterly federal payroll tax returns (forms WRS-2 and WRS-30), annual federal tax returns, cash disbursements journals, purchase journals, 1099 forms, New York and New Jersey employment records, insurance company reports, supporting checks, ledgers, vouchers and any and all other items concerning payroll. This production includes any certified payrolls of Concrete and of any subcontractors it retained, and copies of all contracts between Concrete and any subcontractors it retained to perform work on Local 1 projects. These requirements are for the purpose of ascertaining the amount of fringe benefits contributions owed to the Funds, contributions owed to the LMC, and dues owed to Local 1 from Concrete, and of verifying the accuracy of the employer contribution reports, if filed.

46. In an action to enforce Section 515 of ERISA, 29 U.S.C. § 1145, a court may award, in addition to certain categories of monetary damages, such other legal or equitable relief as the court deems appropriate. That relief may include an injunction directing that Concrete cooperate in the conduct of an audit of its books and records. Under the CBA, Plaintiffs are entitled to an audit in connection with Concrete's obligation to make contributions and remit dues, and would suffer irreparable harm if Concrete were permitted to evade its obligation to submit to an audit because there is no other mechanism which can accurately determine the full amount owed by the CBA signatories. This injury would lack an adequate remedy at law, since the full extent of the damages sought would remain unknown.

47. Accordingly, pursuant to the terms and conditions of the CBA, Plaintiffs demand an order requiring Concrete to permit and to cooperate with Plaintiffs in the conduct of an audit of its books and records for the payroll periods of the weeks beginning with the end period of its most recent audit and continuing through the present time and to pay any delinquencies shown to be due as a result of such audit.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Sullivan, Local 1 and the Funds demand Judgment against Concrete under ERISA and the LMRA as follows:

1. a. For unpaid contributions owed to the Plaintiff Funds, in the amount of $42,398.40 (ERISA Section 502(g)(2)(A));

b. For interest assessed on unpaid contributions at the per annum rate of 10% to be determined at a later date (ERISA Section 502(g)(2)(B));

c. For 20% liquidated damages assessed on unpaid contributions owed to Plaintiff Funds (ERISA Section 502(g)(2)(C)(ii));

d. For the costs of filing this action in the amount of $400.00 (ERISA Section 502(g)(2)(D));

e. For attorneys' fees and costs of this action (ERISA Section 502(g)(2)(D)).

2. Such other legal or equitable relief as this Court deems appropriate, including an order that Concrete be directed to cooperate in the conduct of an audit of Concrete's books and records pursuant to paragraphs 45 through 47 above (ERISA Section 502(g)(2)(E)).

WHEREFORE, Plaintiffs Sullivan, the Welfare Fund, IPF, Pension Fund and Annuity Fund demand Judgment against Furer under ERISA for breaches of fiduciary duty under Section 409 of ERISA, 29 U.S.C. § 1109, in the amount of $27,944.40.

WHEREFORE, Plaintiffs Local 1 and the LMC demand Judgment against Concrete under the LMRA as follows:

1. For unremitted dues owed Local 1 and unpaid contributions owed the LMC in the amount of $5,174.40.

2. For interest assessed on delinquent dues checkoffs and contributions owed Local 1 and the LMC at the per annum rate of 10% to be determined at a later date.

WHEREFORE, Plaintiff Local 1 demands Judgment against Furer under state law for conversion of dues deductions in the amount of $4,910.40.

Dated: New York, New York
December 20, 2017

DOAR RIECK DeVITA KALEY & MACK

By: _____
Michael R. Minnefor, Esq.

_____
David Rivera, Esq.


_____
Joel A. Siegel, Esq.
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730
*Attorneys for Plaintiffs*